**D'ARCAMBAL OUSLEY & CUYLER BURK LLP**
Four Century Drive, Suite 250
Parsippany, NJ 07054
(973) 734-3200
(973) 734-3201
By: Eric J. Konecke
Attorneys for Defendants, Walmart Inc., Wal-Mart Stores East, Inc.,
Wal-Mart Stores East I, LP, Walmart Associates, Inc.

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIBEL SOTO,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART INC., WAL-MART STORES EAST, INC., WAL-MART STORES EAST I, LP, WAL-MART ASSOCIATES, INC., JOHN DOE OPERATOR, JOHN DOES A-Z AND XYZ COMPANIES 1-10, said names being fictitious, the true identities being presently unknown,<br><br>Defendants. | Civil Action No.: 2:22-cv-06083<br><br>**NOTICE OF REMOVAL** |

      Defendants, Walmart Inc., Wal-Mart Stores East, Inc., Wal-Mart Stores East I, LP, Walmart Associates, Inc. ("Walmart"), by and through their undersigned counsel, for the purpose of removing this cause pursuant to 28 U.S.C. § 1441, respectfully submits this Notice of Removal pursuant to 28 U.S.C. § 1446. Walmart appears solely for the purpose of removal and for no other purpose, reserving all other defenses available to it. By way of providing the Court with the basis for Walmart's request for removal, Walmart respectfully submits the following short and plain statement

of the grounds for removal, together with a copy of all process, pleadings, and orders served upon Walmart in such action:

1. <u>State Court Action</u>.  Plaintiff, Maribel Soto ("Plaintiff"), filed the above-captioned action against Walmart and fictitious defendants in the Superior Court of New Jersey, Law Division, Hudson County, New Jersey, on or about September 9, 2022, in a matter pending as docket number HUD-L-003004-22.  Copies of all process, pleadings, and orders served upon Walmart are attached hereto as **Exhibit A** in accordance with 28 U.S.C. § 1446(a).

2. <u>Allegations in the Complaint</u>.  In the Complaint, Plaintiff asserts claims against Defendants for negligence alleging that Plaintiff was injured at a Walmart store in North Bergen, New Jersey on September 4, 2021, and as a result, sustained permanent injuries. The Complaint does not specify the nature of Plaintiff's alleged injuries and/or the amount of damages being claimed <u>See</u> **Exhibit A**.

3. <u>Defendants</u>.  Walmart Inc., Wal-Mart Stores East, Inc., Wal-Mart Stores East I, LP, and Walmart Associates, Inc. are named as defendants.  Other than fictitious defendants, no other defendants are named.

4. <u>Federal Court Subject Matter Jurisdiction</u>.  28 U.S.C. § 1441(a) provides the basis for removal jurisdiction to this Court as this is a state court action over which this Court has original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship).  28 U.S.C. § 1332 confers subject matter jurisdiction over cases in which there is complete diversity between Plaintiff and Defendants, and in which the amount in controversy equals or exceeds $75,000.00.

The subject store is operated by Wal-Mart Stores East, LP, which is a limited partnership organized and existing under the laws of Delaware, of which WSE Management, LLC, a Delaware limited liability company, is the general partner, and WSE Investment, LLC, a Delaware limited

liability company, is the limited partner. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC, an Arkansas limited liability holding company with its principal place of business located in Arkansas. Walmart Inc. is the sole member of Wal-Mart Stores East, LLC. Walmart Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business in Arkansas. According to the Complaint, Plaintiff is a citizen of New York, residing in Manhattan, New York.

Furthermore, this Court has diversity jurisdiction because the amount in controversy exceeds $75,000. The Complaint alleges that as a direct and proximate result of the negligence of the Defendants, Plaintiff sustained personal injuries and "has been required to receive and undergo various treatment for the serious injuries she sustained arising out of the aforementioned occurrence, including surgical intervention, and, upon information and belief, will be compelled to do so in the future." (**Exhibit A**, Complaint at ¶ 21.) On September 28, 2022, Defendant's counsel sent Plaintiff's counsel correspondence requesting that Plaintiff stipulate that Plaintiff's damages are less than $75,000. (Attached hereto as **Exhibit B** is a true and correct copy of the September 28, 2022 letter and its enclosure.) By email dated September 28, 2022, Plaintiff's counsel advised Defendant's counsel that Plaintiff will not stipulate that Plaintiff's damages are less than $75,000 because Plaintiff "sustained a very significant left foot and ankle crush injury." (Attached hereto as **Exhibit C** is a true and correct copy of Plaintiff's counsel's September 28, 2022 email).

While Walmart denies all liability to Plaintiff and denies that she is entitled to any of the relief sought in the Complaint, based upon the allegations of the Complaint, the injuries alleged, and Plaintiff's counsel's representation that Plaintiff will not stipulate that her damages are less than $75,000 based upon Plaintiff's "very significant left foot and ankle crush injury," upon

information and belief, the amount in controversy exceeds the $75,000 jurisdictional amount under 28 U.S.C. § 1332.

Accordingly, for the reasons set forth above, Walmart respectfully submits that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the properly joined parties are of diverse citizenship and Plaintiff's claims meet the jurisdictional limit of $75,000.

5. <u>Timely Filing</u>. Upon information and belief, a copy of the Summons and Complaint was served on Walmart on or about September 20, 2022. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3) in that it is being filed within thirty (30) days of Walmart's receipt of the Complaint and the time within which it determined that damages exceeding $75,000 are being alleged due to Plaintiff not agreeing to the Stipulation as to Damages.

6. <u>State Court Documents Attached</u>. Copies of all process, pleadings and orders served upon Defendant are annexed hereto as **Exhibit A** in accordance with 28 U.S.C. § 1446(a).

7. <u>Proper Venue</u>. Venue for removal is proper in this district because this is the district embracing the Superior Court of New Jersey, Law Division, Hudson County, New Jersey, the forum in which the removed action was pending.

8. <u>Notice to Plaintiff and State Court</u>. Promptly upon filing this Notice of Removal with this Court, Walmart, through its undersigned counsel, will give written notice hereof to Plaintiff, per her counsel, and will file a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Hudson County, New Jersey.

10. <u>Relief Requested</u>. Walmart respectfully gives notice that this action is to be removed from the Superior Court of New Jersey, Law Division, Hudson County, New Jersey, to the United States District Court for the District of New Jersey.

**WHEREFORE**, Defendants Walmart Inc., Wal-Mart Stores East, Inc., Wal-Mart Stores East I, LP, and Walmart Associates, Inc. hereby remove this action, currently pending as Docket Number HUD-L-003004-22 in the Superior Court of New Jersey, Law Division, Hudson County, New Jersey.

Dated:  October 14, 2022

/s/ Eric J. Konecke
Eric J. Konecke, Esq.
**D'ARCAMBAL OUSLEY & CUYLER BURK, LLP**
Four Century Drive | Suite 250
Parsippany, New Jersey 07054
Tel.: 973.734.3200
Fax: 973.734.3201
Email: ekonecke@darcambal.com
Attorneys for Defendants Walmart Inc.,
Wal-Mart Stores East, Inc.,
Wal-Mart Stores East I, LP, Walmart Associates, Inc.

## **LOCAL CIVIL RULE 11.2 VERIFICATION**

Other than the action filed in the Superior Court of New Jersey, Law Division, Hudson County, which is the subject of this Notice of Removal, the matter in controversy, to the best of knowledge, information and belief of Attorneys for Defendants Walmart Inc., Wal-Mart Stores East, Inc., Wal-Mart Stores East I, LP, and Walmart Associates, Inc., is not the subject of any other action pending in any court, or of any other pending arbitration or administrative proceeding.

Dated:  October 14, 2022                                /s/ Eric J. Konecke
                                                                    Eric J. Konecke, Esq.